and, therefore, it was proper to hand down two remittiturs but these remittiturs are identical and show that they relate to the same judgment and, therefore, there was no justification for the entry by defendant of a judgment on each remittitur against plaintiff for costs on the affirmance of the judgment dismissing his complaint. This resulted in a double judgment for the same costs and of course was improper. Such procedure, however, can be corrected on proper application to the Supreme Court.

It is also stated, but it is impossible for us to determine whether correctly, that defendant on our remittitur affirming the judgment dismissing plaintiff's first cause of action " with costs " has entered judgment for costs in all courts. If so, this was incorrect as it is well understood that the mere allowance of costs without anything further means costs in this court.

All concur.

---

WILLIAM H. LOUGH, Appellant, v. THE RONALD PRESS COMPANY, Respondent.

*Contract — rescission — action to rescind a contract for the sale of the manuscript of a book.*

*Lough* v. *Ronald Press Co.,* 210 App. Div. 875, affirmed.
(Argued June 12, 1925; decided October 13, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 9, 1925, unanimously affirming a judgment in favor of defendant entered upon an order of Special Term granting a motion for a dismissal of the complaint. The action was to rescind a written contract, for an injunction, an accounting and damages, and to compel the surrender and assignment by the defendant to the plaintiff of all unsold copies and of the plates of a certain book of which it was alleged plaintiff was the author, together with the copyright.

*Abraham Tulin* for appellant.
*Wilber W. Chambers* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., McLaughlin, Andrews and Lehman, JJ. Dissenting: Cardozo and Crane, JJ. Absent: Pound, J. _____

Susie J. Allendorf, Respondent, *v.* The Fidelity and Casualty Company of New York, Appellant.

*Appeal — motion to dismiss appeal, without permission, from order affirming order which granted motion to amend judgment granted.*

*Allendorf* v. *Fidelity & Casualty Co.*, 214 App. Div. 757, appeal dismissed.

(Submitted October 5, 1925; decided October 13, 1925.)

Motion to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 21, 1925, which affirmed an order of the court at a Trial Term granting a motion to amend a judgment theretofore entered *nunc pro tunc.*

The motion was made upon the ground that an appeal did not lie as of right to the Court of Appeals and that permission to appeal had not been obtained.

*Stewart F. Hancock* for motion.

*Charles A. Hitchcock* opposed.

Motion granted and appeal dismissed, with costs of appeal. _____

The General Supply and Construction Company, Appellant, *v.* Robert Goelet, Respondent, and The Unit Concrete Steel Frame Company, Appellant, Impleaded with Others.

(Submitted October 5, 1925; decided October 13, 1925.)

Motion to amend remittitur. (See 241 N. Y. 28.)

Motion granted. Return of remittitur requested and when returned the same to be deemed amended by providing that judgments of Appellate Division and of this court be modified so as to include to each appellant an extra allowance of five per cent on amount of its recovery.